PRESIDING JUSTICE SCHMIDT, specially concurring: I do not believe that any violation of Javar Hollins’ constitutional rights prejudiced him in the sense that the outcome was affected. The jury commissioner in this case intentionally tampered with the jury pool in an obviously misguided attempt to benefit the defendant. Nonetheless, the State correctly points out that defendant suffered no prejudice. Our supreme court recently defined Illinois’s plain-error doctrine as follows: “The plain-error doctrine, as it has developed in Illinois, allows a reviewing court to reach a forfeited error affecting substantial rights in two circumstances. First, where the evidence in a case is so closely balanced that the jury’s guilty verdict may have resulted from the error and not the evidence, a reviewing court may consider a forfeited error in order to preclude an argument that an innocent person was wrongly convicted. [Citation.] Second, where the error is so serious that the defendant was denied a substantial right, and thus a fair trial, a reviewing court may consider a forfeited error in order to preserve the integrity of the judicial process. [Citations.] This so-called disjunctive test does not offer two divergent interpretations of plain error, but instead two different ways to ensure the same thing — namely, a fair trial.” People v. Herron, 215 Ill. 2d 167, 178-79, 830 N.E.2d 467, 475 (2005). It seems that under the second prong, the violation of a substantial right need not have affected the outcome of the trial; otherwise we would only have one prong. I concur only because reversal is the only remedy available to us in light of the fact that we do not have the authority to fire the jury commissioner. I believe that the idea of manipulating jury pools is so over-the-top that to allow this would seriously undermine the public’s confidence in the judicial system. If the jury pool can be manipulated in this case, why not others? The cost of retrying defendant pales in comparison to the damage to be done to the system by allowing the conviction to stand.